### Bloomer Appeal

Before Monroe, Mountenay, Walsh, JJ.

*Marcel L. Groen,* for appellant.

*E. Dillwyn Darlington,* for appellee.

WALSH, JR., J., July 3, 1973.—This is an appeal from an order of the Lower Southampton Township zoning hearing board refusing to determine the validity of a recently enacted township zoning ordinance. Appellant is a protesting resident of the township who considers himself aggrieved by the ordinance which changed the zoning classification of a portion of the land of another resident from R-2 residential to C commercial. Appellant requests that this proceeding be treated as an appeal also from the enactment of the ordinance by the board of supervisors.

The land is slightly less than a half acre in size, of irregular shape, fronting on Ruth Street, Feasterville, for a distance of approximately 185 feet. The only structure on it is a small dwelling at the extreme west end of the property. The litigation began with a re-zoning application by equitable owners, Andrew and Katalin Racz, and legal owners, Rudolph and Anna Brown. At the public hearing before the supervisors it developed that the applicants were intending to continue to use the house as a residence and to erect a garage building at the east end for the purpose of conducting an automotive repair business. The protestants stated their position to be that they were opposed to the extension of commercial uses into that area of the township.

The supervisors thereafter enacted an ordinance rezoning the vacant eastern part of the property C commercial and retaining the existing residential

classification as to the remainder which contained the dwelling. This was satisfactory to the applicants.

The issues are stated in appellant's brief as follows:

1. Ordinance 207 is unconstitutional because it is against the general welfare, health and safety of the community;

2. Ordinance 207 is unconstitutional because it creates a commercial spot in a residential area;

3. The board of supervisors in adopting ordinance 207 granted a request different from that applied for, thereby not giving protestants a fair and adequate hearing;

4. Ordinance 207 will require a variance before the auto-body repair shop can be built;

5. The zoning board of adjustment erred in holding that it did not have the power to review the decision of the board of supervisors to see if the board of supervisors made an error of law or abused its discretion;

6. The zoning board erred in holding that petitioner had no standing to appeal ordinance 207 because he was not the owner of the property in question.

The appeal must be dismissed. Insofar as it is based on substantive grounds, it is premature, because there is no evidence that any steps have yet been taken by the property owners toward a change of use as, for example, an application for a building permit. The Pennsylvania Supreme Court has ruled that the enactment of an ordinance changing a zoning classification does not, standing alone, create a case ripe for judicial intervention. Substantive questions should be determined against the background of the parties and the situation existing in the neighborhood at the time the permit is sought to be considered: Roeder v. Hatfield Borough Council, 439 Pa. 241 (1970).

Insofar as the appeal is based on grounds which may be considered procedural, appellant has followed an

improper procedure. He initiated the appeal from the enactment of the ordinance five months after its enactment by means of a petition for a writ of certiorari to the zoning hearing board whereas the Pennsylvania Municipalities Planning Code provides that questions of an alleged defect in the process of enactment shall be raised by an appeal taken directly from the action of the governing body to the court not later than 30 days from the effective date of the ordinance: Act of June 1, 1972, P. L. 238 (No. 93), 53 PS §11003. See also section 702 of The Second Class Township Code, as amended, Act of June 6, 1963, P. L. 73, 53 PS §65741; Gerstley v. Cheltenham Township Commissioners, 7 Comm. Ct. 409 (1973).

## ORDER

And now, this July 3, 1973, the appeal is dismissed without prejudice to appellant to reinstitute an appeal on substantive grounds at an appropriate time consistent with the foregoing opinion.